Filed 9/17/15  Smith v. City of Berkeley CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHRISTOPHER SMITH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF BERKELEY et al.,<br><br>    Defendants and Respondents. | A145281<br><br>(Alameda County<br>  Super. Ct. No. RG15757423) |

Appellant Christopher Smith appeals from a trial court order denying his petition for writ of mandate to vacate and set aside City of Berkeley Resolution No. 66,911-N.S. Respondent City of Berkeley has moved to dismiss this appeal as premature.  For reasons set forth below, we agree with respondent that appellant's appeal is not properly before us at this time and, thus, dismiss it.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant leases property located at 1820-1828 San Pablo Avenue in the City of Berkeley, where he operates Forty Acres Medical Marijuana Growers' Collective, a cannabis collective.  Following the issuance to appellant of a notice of public nuisance and a public hearing before the Berkeley City Council on January 20, 2015, the Berkeley City Council issued Resolution No. 66,911-N.S., which declared appellant's cannabis operation at 1820-1828 San Pablo Avenue a public nuisance under Berkeley Municipal Code (BMC) 23B.64.020(A) and (B), and ordered it abated.

On February 5, 2015, appellant filed a Petition for Writ of Mandate and Complaint for Administrative Mandamus and Traditional Mandamus and Request for Immediate

1

Stay; Complaint for Damages and Injunctive Relief. He filed a First Amended Petition and Complaint on March 5, 2015, seeking the following: (1) a writ of mandate to vacate and set aside Berkeley City Council Resolution No. 66,911-N.S (first cause of action); (2) damages under 42 USC section 1983 based upon the denial of due process under the Fifth and 14th Amendments of the United States Constitution (second cause of action); (3) damages based upon the denial of due process under Article I, section 7, of the California Constitution (third cause of action); (4) damages under 42 USC section 1983 based upon the denial of equal protection under the 14th Amendment of the United States Constitution (fourth cause of action); and (5) damages based upon the denial of equal protection under Article I, section 7, of the California Constitution (fifth cause of action).

On April 1, 2015, the trial court entered an order that, inter alia, denied plaintiff's cause of action for a writ of mandate on the grounds that the City of Berkeley's hearing process comported with due process and that substantial evidence supported its finding of a public nuisance in this case. In the order, the trial court indicated its intention to assign the remaining causes of action to a single assignment department of the Superior Court. Before trial could be held on appellant's remaining causes of action, however, he filed a notice of appeal.

## DISCUSSION

As noted above, appellant's petition for writ of mandate was accompanied by a complaint for damages, which is still pending. Respondent thus contends this appeal from the order dismissing the petition for writ of mandate violates the single judgment rule and must be dismissed. In doing so, respondent relies upon *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725 (*Morehart*), which held that "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Id*. at p. 743.) Having reviewed this California Supreme Court authority, as well as cases that have followed it, we agree with respondent that dismissal is necessary on the ground that this appeal is not yet ripe. (*Ibid*.; accord *City of Santa*

2

*Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59 [an action does not become ripe until "it reaches, 'but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made' "].) Simply put, in direct conflict with the holding of *Morehart*, appellant is attempting to appeal a judgment that fails to complete the disposition of all the causes of action between the parties, given that a separate trial, estimated to last seven days, is set to go forward on four surviving causes of action pursuant to which appellant seeks damages based upon alleged violations of his due process and equal protection rights.[1] As such, dismissal of his appeal as premature is appropriate.

In so concluding, we acknowledge the California Supreme Court in *Morehart,* after deciding the appeal was premature under the single judgment rule, ultimately decided to reach the merits of the case by treating the appeal as a petition for writ of mandate. The California Supreme Court based its decision in this regard on the unusual circumstances presented in that case, including (1) the existence of a significant body of prior case law indicating the appeal was proper, (2) the fact that both parties, as well as *amici curiae*, had fully briefed the controversy on appeal, and (3) the significant impact the case was expected to have throughout California. (*Morehart, supra,* 7 Cal.4th at pp. 744-746.) Here, however, we are not presented with such unusual circumstances. Despite the fact that respondent fully addressed the issue of the lack of unusual circumstances in this case when moving to dismiss, appellant has declined to offer any contrary showing. Nor are we aware of any particular circumstance in this case that would influence us to treat this appeal as a petition for writ of mandate. Accordingly, for the reasons provided, we conclude this appeal is premature under *Morehart, supra,* 7 Cal.4th 725, and must be dismissed.

## DISPOSITION

The appeal is dismissed.

---

[1] As respondent notes, discovery has yet to begin with respect to the remaining causes of action and, as such, the parties likely will not be ready for trial for several months.

_____
Jenkins, J.

We concur:


_____
Pollak, Acting P. J.


_____
Siggins, J.


*Christopher Smith v. City of Berkeley et al.*, A145281